# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **PATRICIA A. BREITENBACH** | ) | |
| | ) | |
| Plaintiff-Below/Appellant | ) | |
| | ) | |
| v. | ) | **C.A. No. CPU4-22-001231** |
| | ) | |
| **JOHN M. WISSLER** | ) | |
| | ) | |
| Defendant-Below/Appellee. | ) | |

Submitted: March 10, 2023
Decided: May 30, 2023

Alpa V. Bhatia, Esq.
222 Delaware Ave., Suite 1105
Wilmington, DE 19801
*Attorney for Plaintiff/Appellant*

Anthony D. Delcollo, Esq.
222 Delaware Ave., Suite 1105
Wilmington, DE 19801
*Attorney for Plaintiff/Appellant*

Ann M. Kashishian, Esq.
501 Silverside Rd., Suite 85
Wilmington, DE 19809
*Attorney for Defendant/Appellee*

Patricia C. Meringer, Esq.
5020 Clark Rd. #238
Sarasota, FL 34233
*Attorney for Defendant/Appellee*
*Admitted Pro Hac Vice*

## FINAL ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

**DANBERG, CJ.**

This matter is an appeal *de novo* from a decision of the Justice of the Peace Court. Two motions are before the Court: (1) Defendant-Below/Appellee John Wissler's Motion to Transfer the case to Superior Court,[1] and (2) Plaintiff-Below/Appellant Patricia A. Breitenbach's motion to dismiss all crossclaims asserted against her. Having reviewed and considered the pleadings, the briefing, the record, the oral arguments presented by the parties, and for the reasons stated below, Defendant's Request to Transfer is **DENIED**, and Plaintiff's Motion to Dismiss is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

### i.    *Factual Background*

This action stems from a 2009 agreement between the parties, pursuant to which Mr. Wissler stored two trailers (the "Trailers"), along with business-related carpentry tools (collectively, the "Trailers/Tools") on Ms. Breitenbach's property for a monthly fee. The relationship between the parties eventually soured, and a breach occurred in 2015. Although the parties' narratives diverge as to the precise date and nature of the breach, it occurred no later than May 18, 2015, when Mr. Wissler traveled to Delaware to remove the Trailers/Tools and was denied access to the property by Ms. Breitenbach.[2]

---

[1] Mr. Wissler's request to transfer the matter was raised in a letter to the Court; however, given the subsequent briefing on the issue, the Court will construe his letter request as a Motion to Transfer.
[2] Pl. Reply Supp. Resp, ¶ 14; Def. Supp. Resp., ¶ 8; Def. Answ., ¶ 7.

Meanwhile, in May 2014, Mr. Wissler filed for divorce from his then-wife, Sherri (who is also the daughter of Ms. Breitenbach), thereby triggering a preliminary injunction under 13 *Del. C.* § 1509, which enjoined Mr. Wissler and/or Sherri from "transferring, encumbering, concealing or in any way disposing of any property."[3]  In February 2015, Mr. Wissler learned that, subsequent to her initial filings, Sherri had accounted the Trailers as marital property.[4]  On March 9, 2016, Sherri filed for bankruptcy, which stalled the divorce proceedings for nearly three years.[5]  The bankruptcy matter concluded on June 14, 2019,[6] and the divorce was finalized shortly thereafter on September 10, 2019.[7]

### ii.  *Legal Proceedings Pertaining to the Trailers/Tools*

Ms. Breitenbach initiated this litigation in the Justice of the Peace Court on February 6, 2020, when she filed two Abandoned Property actions under 25 *Del. C.* § 4002.[8]  Specifically, Ms. Breitenbach sought to obtain title to the Trailers; she claimed the Trailers were abandoned when Mr. Wissler ceased making storage fee payments in 2015.  Mr. Wissler contested the action,[9] and a hearing was held on

---

[3] 13 *Del. C.* § 1509(a)(1).

[4] Def. Aff., ¶ 6 (Dec. 19, 2022).

[5] *In re Sherrie L. Wissler*, Pet. # 16-10603-BLS.  Importantly, Sherri did not claim the Trailers as an asset subject to the bankruptcy proceeding.

[6] *Id.*

[7] *Wissler v. Wissler*, Del. Fam. C,A, No. CN14-02186 (Order)(Sept. 10, 2019).

[8] *Breitenbach v. Wissler*, J.P. C.A. JP9-20-000354; *Breitenbach v. Wissler*, J.P. C.A. JP9-20-000353.

[9] Mr. Wissler did not assert any counterclaims against Ms. Breitenbach in the course of the Justice of the Peace Court proceedings.

3

April 8, 2022.[10] In a written decision dated May 11, 2022, the Justice of the Peace Court found that Ms. Breitenbach did not meet her burden of proof to establish that Mr. Wissler abandoned the Trailers. Specifically, the Justice of the Peace Court found that, pursuant to 25 *Del. C.* § 4001(b), the Trailers could not be deemed "abandoned personal property" because the Trailers were marital property subject to divorce ancillary hearings.[11]

On May 26, 2022, Ms. Breitenbach timely filed a notice of appeal and complaint in this Court. In her complaint, Ms. Breitenbach did not assert a claim for abandoned property, as she had done in the Justice of the Peace Court; rather, she asserted a garagekeeper's lien under 25 *Del. C.* § 3901 and a replevin claim. On both causes of action, she requested judgment in the amount of $24,999, plus interest accruing from April 2015.

On September 8, 2022, Mr. Wissler filed an answer, which included a demand for a trial by jury on page 17 of the document, as well as three counterclaims: (1) breach of contract; (2) tortious interference with business opportunity; and (3) conversion. In support of his counterclaims, Mr. Wissler asserted that, although he ceased making payments for the storage of the Trailers/Tools in 2015, the parties agreed that he would remove the Trailers/Tools by May 31, 2015. He further alleged

---

[10] *Breitenbach v. Wissler*, J.P. C.A. JP9-20-000353, Perez-Chambers, J. (May 11, 2022).
[11] *Id.*

4

that on May 18, 2015, he traveled to Delaware to retrieve the Trailers/Tools, but Ms. Breitenbach denied him access, which rendered him unable to continue his carpentry business. In all, Mr. Wissler sought $140,000, plus punitive damages for emotional distress.

Thereafter, the parties engaged in motion practice, with Ms. Breitenbach moving to dismiss Mr. Wissler's counterclaims on September 22, 2022, and Mr. Wissler moving to transfer the matter to Superior Court on October 11, 2022.[12] On November 9, 2022, the Court held a status conference, during which the parties presented oral argument on the pending Motions. At the conclusion of the hearing, the Court ordered supplemental briefing.[13]

### iii. The Motion to Transfer

In his Motion to Transfer and related briefing, Mr. Wissler argues that the case must be transferred to Superior Court for two reasons. First, he argues that his counterclaims, which total $145,000, exceed this Court's $75,000 jurisdictional

---

[12] In the Motion to Transfer, which was submitted via e-filing on October 11, 2022, Mr. Wissler noted that a check in the amount of $210.00 was enclosed, presumably to satisfy the deposit needed to transfer the matter to superior court. The docket indicates that the check was received by the Court on November 1, 2022.

[13] In all, the parties submitted the following briefs: Mr. Wissler's Response (Oct. 12, 2022); Ms. Breitenbach's letter response (Oct. 12, 2022); Mr. Wissler's letter response (October 13, 2022); Ms. Breitenbach's Reply (Oct. 26, 2022); Mr. Wissler's Supplemental Response (Dec. 20, 2022); Ms. Breitenbach's Reply to Supplemental Response (Jan. 5, 2023); Mr. Wissler's Response to the Court's order for supplemental briefing (Feb. 15, 2023); Ms. Breitenbach's Reply to Response to the Court's order for supplemental briefing (March 8, 2023); and, Mr. Wissler's Letter in response to Ms. Breitenbach's Reply (March 9, 2023).

limit.[14] Second, he argues that he demanded a jury trial in his first responsive pleading and paid the requisite fee to transfer the case to Superior Court.[15] He concedes that the jury trial demand was not included on the first page as required under court rules, but asserts that such was "mere scrivener's error," which can be corrected with leave to amend the pleading to comply with court rules.[16]

Ms. Breitenbach counters that, pursuant to 10 *Del. C.* § 1322(b), the Court of Common Pleas has no monetary jurisdictional limits on counterclaims.[17] She argues that the jury trial demand was not endorsed on the first page of his pleading, nor was the fee paid within five days after service of the Answer and, by failing to comply with those statutory requirements, Mr. Wissler waived his right to a trial by jury.[18]

### iv.   The Motion to Dismiss

In her Motion to Dismiss and related briefing, Ms. Breitenbach raises a number of arguments, chiefly that Defendant's counterclaims are time-barred by the applicable statutes of limitations.[19] Specifically, she argues that all of Mr. Wissler's counterclaims are subject to a three-year statute of limitations, which commenced no later than May 18, 2015 and expired three years later in May 2018.[20] She also

---

[14] Def. Mot. Transfer, ¶ 4.
[15] *Id.*; Def. Supp. Resp., ¶ 8, 31-35.
[16] Tr., p. 5 at ¶ 12-23.
[17] Pl. Reply, ¶ 2.
[18] *Id.* at ¶2; Pl. Rep., ¶ 25-28.
[19] Pl. Mot. Dismiss, ¶ 7, 11, 14.
[20] *Id.*

6

argues that the breach of contract claim should be dismissed because the agreement was not "valid" at the time the alleged breach,[21] and the tortious interference claim was not pled with sufficient specificity and in violation of the Mirror Image Rule.[22]

In response, Mr. Wissler argues that his claims are not time-barred because extraordinary circumstances—the divorce proceedings—warrant equitable tolling of the statute of limitations.[23] He contends that the Trailers/Tools were subject to the preliminary injunction imposed upon the initiation of the divorce proceedings, thus any effort to retrieve them during the pendency of the divorce would be in violation of the injunction and expose him to civil or criminal penalties.[24]

## STANDARD OF REVIEW

When considering a motion to dismiss, the court must determine whether the claimant may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[25] If recovery is possible, the court must

---

[21] *Id.*, ¶ 4. For the reasons discussed herein, the Court need not address these contentions.

[22] *Id.*, ¶ 10, 12.

[23] Initially, Mr. Wissler suggested that an automatic stay in the bankruptcy proceeding precluded him from asserting his crossclaims. Def. Resp. ¶ 10; Tr. at p. 10, ¶19-23. On January 20, 2023, the Court entered an order directing Mr. Wissler to produce documentation to support his claim that the Trailers/Tools were subject to the bankruptcy proceeding. In his written response, Mr. Wissler indicated that he did not "definitively assert that the personal property at issue in this case was included as assets" in the bankruptcy. Def. Resp. to Ct. Order, ¶ 4. Mr. Wissler subsequently indicated that the issue of the bankruptcy proceeding was "likely moot" given the divorce and relevant timeline. Def. Supp. Resp. to Ct. Order. The Court agrees. Nevertheless, the same conclusions drawn with regards to the divorce proceeding likewise apply to the bankruptcy proceeding.

[24] Def. Resp., ¶ 8-9; Def. Supp. Resp. ¶ 4, 13, 15

[25] *Karl Owens v. Carman Ford, Inc.,* 2013 WL 5496821, at *1 (Del. Super. Ct. Sept. 20, 2013).

7

deny the motion to dismiss.[26] The court must view the record "in a light most favorable to the non-moving party, and all reasonable inferences are considered most strongly in favor of the [non-moving party]."[27]

## DISCUSSION

### I. Motion to Transfer

As an initial matter, the Court notes that this is an appeal *de novo* from the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571. As there are no civil jury trials in the Court of Common Pleas, a demand for a jury trial would necessitate transfer of the case to Superior Court, which would seemingly obfuscate the statutorily enacted procedure for appeals from the Justice of the Peace Court.[28] However, this Court need not determine whether a jury trial demand can be raised in the first instance on appeal in the Court of Common Pleas because, even if this action had been initiated in this Court, Mr. Wissler failed to properly demand a jury trial, thereby waiving his right to a trial by jury.

Under 10 *Del. C.* § 1328(b), where an action is initiated in the Court of Common Pleas, a non-commencing litigant may demand a trial by jury by satisfying two inevasible conditions. First, the non-commencing litigant must demand a trial

---

[26] *Id.*

[27] *Halpern Eye Assoc., P.A. v. E.A. Crowell & Assoc., Inc*, 2007 WL 3231617 (Del. Comm. Pl. Sept. 18, 2007).

[28] *See Allstate Ins. Co. v. Rossi Auto Body, Inc.*, 787 A.2d 742 (Del. Super. Jan 12, 2001).

by jury, either by endorsement on the first page of the pleadings immediately following the case caption, or by filing and serving a demand upon the other parties within "[five] days after the service of the last pleading directed to such issue."[29] Second, the non-commencing litigant must deposit the fee for commencement of an action in Superior Court with the Clerk of the Court; the deposit must be tendered within five days of the service of the demand.[30] Importantly, § 1328(c) specifies that failure to timely file and serve a demand *or* failure to timely deposit the applicable fee "constitutes a waiver of trial by jury."[31]

Here, Mr. Wissler filed his responsive pleading on September 8, 2022. Although he did demand a jury trial within the pleading, the demand was set forth on page 17 of the filing—not on the first page immediately below the case caption as required under §1328(b). At the status conference, counsel for Mr. Wissler attributed the placement of the demand to "mere scrivener's error" which, she maintained, could be corrected with leave to amend her pleading.[32] However, counsel did not point to, and this Court is not aware of, any legal authority to support her assertion that deviation from the demand placement mandated in § 1328(b) can be corrected months later, and the temporal limitations set forth in the statute suggest

---

[29] 10 *Del. C.* § 1328(b).
[30] *Id.*
[31] 10 *Del. C.* § 1328(c).
[32] Tr., p. 5 at ¶ 12-23.

otherwise.[33] Further, even if the demand had appeared on the first page as required, Mr. Wissler still failed to properly invoke the right to a jury trial because he did not deposit the necessary fee with the Clerk of the Court within five days as required under §1328(b).[34] Therefore, pursuant to 10 *Del. C.* § 1328(c), Defendant has waived his right to a trial by jury, and his late-asserted demand for a jury trial cannot serve as a basis to transfer the matter to Superior Court.

Mr. Wissler's argument that the case must be transferred on the grounds that his counterclaims are beyond this Court's jurisdictional limit is likewise without merit. Indeed, this Court's civil jurisdiction is limited to claims that do not exceed $75,000.[35] However, 10 *Del. C.* § 1322(b) explicitly excludes counterclaims from this Court's monetary jurisdictional limit, and affords this Court unlimited jurisdiction over counterclaims, cross-claims, and third-party claims.[36]

For those reasons, Mr. Wissler's Motion to Transfer is **DENIED**.

## II. Motion to Dismiss

---

[33] Even after filing the responsive pleading, § 1328(b) afforded Mr. Wissler the opportunity to properly demand a jury trial by serving the demand within five days. He did not. Instead, Mr. Wissler did not serve his jury trial demand until October 11, 2022, more than a month after the filing of his responsive pleading,

[34] Mr. Wissler identified the check in his motion, which would have been untimely, but also it was not actually deposited with the clerk of the court until November 1.

[35] 10 *Del. C.* § 1322(a).

[36] Specifically, 10 *Del. C.* § 1322(b) provides that this Court "shall have unlimited jurisdiction over counterclaims, cross-claims and third-party claims . . . and any judgment rendered on any such counterclaim, cross-claim or third-party claim which exceeds the sum of $75,000 shall be valid in all respects.")

10

It is undisputed that all of Mr. Wissler's counterclaims are subject to three-year statutes of limitations.[37] It is also undisputed that the statutes of limitation commenced no later than May 18, 2015, when Mr. Wissler was denied access to the Trailers/Tools.[38] The question before the Court is whether the ensuing circumstances warrant tolling of the statutes of limitations such that Mr. Wissler's claims would not be time-barred.

Delaware law recognizes the doctrine of equitable tolling, which "stops the running of the statute of limitations in light of established equitable considerations."[39] Equitable tolling may be appropriate where it is shown that extraordinary circumstances prevented the claimant from timely asserting his rights.[40]

The parameters of "extraordinary circumstances" have not been explicitly delineated, but Delaware courts have considered the following factors when analyzing whether the circumstances warrant tolling of the statute of limitations: (1) whether the party, through litigation or other means, asserted the claim before the statute of limitations ran; (2) whether the delay was attributable to a material, unforeseeable change in personal or financial circumstances; (3) whether the delay

---

[37] Pl. Mot. to Dismiss, ¶ 7, 11, 14; Def. Supp. Resp., ¶ 21; 10 *Del. C.* § 8016; 10 *Del. C.* § 8106.
[38] Pl. Reply Supp. Resp, ¶ 14; Def. Supp. Resp., ¶ 8; Def. Answ., ¶ 7.
[39] *Owens v. Carman Ford, Inc.*, 2013 WL 5496821, at *2 (Del. Super. Sept. 20, 2013)(quoting *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 116 (D. Del. 1986).
[40] *Id.*

11

was due to a legal decision in another jurisdiction; (4) the extent to which the opposing party knew of, or participated in any prior proceedings; and (5) whether at the time this litigation was filed, there was a bona fide dispute as to the validity of the claim.[41] The Court may exercise its discretion, considering all relevant facts, in determining whether tolling of the statute of limitations is warranted.[42]

**(1) No pursuit of counterclaims before the statute of limitations expired**

Mr. Wissler waived any argument as to factor (1) by not raising it in his briefing.[43] Regardless, there is no intimation that Mr. Wissler made any effort to assert his claims prior to the expiration of the statute of limitations. In fact, Mr. Wissler's inertia in pursuing his claims is particularly highlighted when juxtaposed against cases in which the party's efforts to timely assert their claims supported equitable tolling.[44] For example, in *Levey v. Brownstone Asset Management, LP*, the court found that the plaintiff had satisfied the first factor in that it had previously asserted it's claim as a counterclaim against the defendants in a proceeding in

---

[41] *IAC/InterActiveCorp v. O'Brien*, 26 A.3d 174, 178 (Del. 2011); *see also Levey v. Brownstone Asset Management, LP*, 76 A.3d 764, 770 (Delaware 2013).
[42] *IAC/InterActiveCorp v. O'Brien*, 26 A.3d 174, 178 (Del. 2011).
[43] *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("Issues not briefed are deemed waived").
[44] *See, e.g., O'Brien, 26 A.3d. at 175, 176–77, 178* (plaintiff initiated arbitration proceeding before statute of limitations ran); *Stewart v. Wilmington Trust SP Services, Inc.*, 112 A.3d 271 (Del. Ch. Mar. 26, 2015)(finding plaintiff adequately pursued claims by engaging in "extensive litigation" activity in related actions).

another jurisdiction, sent a letter demanding payment and warning of potential for litigation, and demanded arbitration.[45]

Here, despite ample opportunity, Mr. Winkler gave no intimation that he intended to pursue claims against Ms. Breitenbach for over seven years.[46] Therefore, factor (1) does not weigh in favor of tolling the statutes of limitations.

**(2) Delay in filing was not attributable to an unforeseeable change in personal or financial circumstances.**

Mr. Wissler argues that his financial circumstances were changed in a material and unforeseeable manner when he was denied access to the property on May 18, 2015. He reasons that the denial of access to the Trailers/Tools "deprived him of his entire livelihood" resulting in a significant change to his financial circumstances.[47]

This is not the type of circumstantial changes contemplated in the "extraordinary circumstances" analysis. For one, Mr. Wissler's alleged change in financial circumstances was not unforeseeable, as it is the very basis of his counterclaims—that is, his counterclaims are to recover for financial damages allegedly incurred as a result of the May 18 denial of access to the Trailers/Tools. Further, what Mr. Wissler is asking is, in effect, for the statute of limitations to

---

[45] *Levey v. Brownstone Asset Management, LP*, 76 A.3d 764, 771 (Del. 2013).
[46] Although the statute of limitation had run by the time this litigation was initiated in the Justice of the Peace Court, it is worth noting that Mr. Wissler failed to assert his claims in the course of those proceedings.
[47] Tr. at p.10, ¶ 3-23; p.11, ¶ 1-7.

13

simultaneously be triggered and tolled, which is not appropriate where the harm was readily apparent.[48]

In any event, the existence of a change in financial or personal circumstances alone are insufficient to tip the scale in favor of Mr. Wissler. Rather, he must relate that change in financial circumstances to the delay in the pursuit of his claims. He did not. Given the lack of connection between his purported change in financial circumstances and his over seven-year delay in pursuing his claims against Ms. Breitenbach, this factor does not weigh in Mr. Wissler's favor.

**(3) No legal determination caused delay**

As to factor (3), Mr. Wissler argues that he was delayed in bringing his claims due to his divorce proceedings, which remained open from May 2014 through September 10, 2019. He claims that, because of the preliminary injunction, he could have been subjected to civil and criminal penalties had he made any attempt to retrieve his Personal Property while the preliminary injunction was in effect.

This argument is untenable. Mr. Wissler's claims against Ms. Breitenbach are factually and legally distinct from the divorce proceedings. At most, the preliminary injunction precluded Mr. Wissler from "transferring, encumbering, concealing or in any way disposing of" the Trailers/Tools. However, Mr. Wissler's

---

[48] *See Lebanon County Employees' Retirement Fund v. Collis*, 287 A. 3d 1160, 1178 (Del. Ch. 2022).

14

claims have no bearing on the possession or title of the property—he did not assert a claim for replevin or detinue. Rather, his claims against Ms. Breitenbach (who was not a party to the divorce proceedings) are strictly to recover money damages. Mr. Wissler's contract and tort-based causes of action against Ms. Breitenbach were wholly unencumbered by the preliminary injunction imposed in the divorce proceeding. Further, it is also evident from Mr. Wissler's own actions that he was not operating under the mistaken belief that, during the pendency of the divorce, he could not pursue his claims against Ms. Breitenbach. Specifically, Mr. Wissler tried to retrieve and relocate the Trailers/Tools on May 18, 2015, at which time the preliminary injunction was in place. Therefore, it cannot be said that Mr. Wissler's failure to timely pursue his claims was attributable to fear of violating the preliminary injunction.

**(4) Participation in prior proceedings.**

In arguing that involvement in prior proceedings weighs in his favor, Mr. Wissler generally referenced the divorce proceeding. However, Ms. Breitenbach's awareness or participation in the divorce proceeding is not relevant here. As discussed above, that proceeding had no factual or legal overlap with the claims asserted in this action.[49] Therefore, it is not a "prior proceeding" for purposes of the

---

[49] *Chertok v. Zillow, Inc.*, 2021 WL 4851816, at *10 (Del. Ch. Oct. 18, 2021)(action in another court was "factually and legally distinct from this action and can hardly be characterized as a "prior

15

equitable tolling analysis. The only litigation that could be characterized as a "prior proceeding" in this context is the original Justice of the Peace Court action—a case which emphasizes Mr. Wissler's dilatory approach to his claims, because he did not raise the claims against Ms. Breitenbach in the Justice of the Peace Court.

**(5) No bona fide dispute as to the validity of the claims**

Mr. Wissler did not raise any argument as to factor (5), therefore the issue is waived. However, "the Delaware Supreme Court '[i]nterprets a 'bona fide dispute' to mean that the claim would survive a motion to dismiss or, in other words, is not futile.'"[50] "In application, this factor is most commonly fulfilled by a previous affirmative court finding that the untimely claims are valid."[51] No such finding has been made as to Mr. Wissler's crossclaims and, "even if a 'sound' claim was pleaded, that factor alone 'does not justify a finding of extraordinary circumstances when the weight of the other factors cuts against such a finding.'"[52]

Mr. Wissler failed to sufficiently allege facts to support a finding that extraordinary circumstances existed that prevented him from bringing his claims before the statute of limitations expired. He took no action that would be recognized

---

proceeding"); *Winklevoss Capital Fund, LLC v. Shaw*, 2019 WL 994534, at *9 (Del. Ch. Mar. 1, 2019).

[50] *Id.* (quoting *Daugherty v. Highland Cap. Mgmt., L.P.*, 2018 WL 3217738, at *7 (Del. Ch. June 29, 2018)

[51] *Winklevoss*, 2019 WL 994534, at *9.

[52] *Chertok*, 2021 WL 4851816, at *10 (quoting *BioVeris Corp. v. Meso Scale Diagnostics, LLC,Corp.*, 2017 WL 5035530, at *12 (Del. Ch. Nov. 2, 2017)).

as important in the pursuit of his claims before the end of the limitations period, and equitable tolling is not available for such garden variety claims of excusable neglect. Therefore, Mr. Wissler's counterclaims are barred by the applicable three-year statutes of limitations, and the Court need not address Ms. Breitenbach's remaining arguments.

## CONCLUSION

For the reasons stated above, Defendant's request to transfer the matter to Superior Court is **DENIED,** and Plaintiff's Motion to Dismiss Defendant's Counterclaims is **GRANTED**.

**IT IS SO ORDERED**.

Carl C. Danberg,
Chief Judge

cc:    Patricia Thomas, Judicial Case Manager

17